**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:19-CR-242-ADA-1** |
| | § | |
| **MICHAEL ANTHONY JARMON** | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The defendant was convicted of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). The defendant was sentenced to twenty-four (24) months in custody; followed by a term of three (3) years of supervised release, a $100.00 special assessment fee, and a $250.00 fine. The defendant was released to supervision on July 29, 2025.

On January 6, 2026, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his

supervision and seeking a show-cause hearing as to why the defendant's supervision should not be revoked. The petition alleges the defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated Mandatory Condition Number 1, in that he committed a new crime. On December 26, 2025, Mr. Jarmon was intoxicated while operating a motor vehicle in a public place, a Class A Misdemeanor, in violation of Texas Penal Code 49.09.

> **Violation Number 2:** The defendant violated Standard Condition Number 9, in that he failed to notify the probation officer within 72 hours of being arrested or questioned by law enforcement.

> **Violation Number 3:** The defendant violated the Condition for substance abuse treatment, in that he failed to participate in a substance abuse treatment program as directed by the probation officer.

> **Violation Number 4:** The defendant violated Standard Condition Number 13, in that he failed to follow the instructions of the probation officer.

On January 29, 2026, the Court held a hearing on the petition. At that hearing, the defendant pled NO CONTEST as to violation number 1 and TRUE as to violation numbers 2, 3, and 4. The petition contained a sufficient factual basis to support a plea of NO CONTEST as to violation number 1 and TRUE as to violation numbers 2, 3, and 4.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea of NO CONTEST as to violation number 1 and TRUE as to violation numbers 2, 3, and 4.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him.

10. The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered his plea of NO CONTEST as to violation number 1 and TRUE as to violation numbers 2, 3, and 4.

14. The defendant understood his statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support the defendant's pleas of NO CONTEST as to violation number 1 and TRUE as to violation numbers 2, 3, and 4.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be continued with all of the original conditions and the following special conditions:

1. The defendant shall participate in the Location Monitoring program with Radio Frequency Monitoring for a period of 120 days. The defendant shall abide by the rules and regulations of the Participant Agreement Form. The defendant shall maintain a telephone at the place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as instructed by the probation officer. At the direction of the Probation Officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the Probation Officer. The defendant shall pay for costs of the program if financially able.

2. The defendant shall abide by a curfew, as directed by the probation officer, during the term of supervised release.

3. The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervised release.

4. The defendant shall not possess any alcohol and shall not have any alcohol at his place of residence during the term of supervision.

5. The defendant shall not permit the consumption of alcohol at his residence during the term of supervised release. Additionally, he will not permit any individual under the influence of alcohol and/or any other intoxicant to visit him at home during the term of supervised release.

6. The defendant shall not frequent places where illegal activity and excessive alcohol use are prevalent, including bars, clubs, strip clubs, and smoke shops.

7. The defendant shall not be permitted to cohabitate with anyone, other than an approved family member or in an approved sober-living environment, during the term of supervised release.

8. The defendant shall not spend the night at any location, other than his approved residence, without the permission of the probation officer.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 29th day of January, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE