**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **v.** | § § § | |
| **MICHAEL ANTHONY JARMON** | § § | **CRIMINAL NO. 6:19-CR-00242-ADA** |

**ORDER ADOPTING MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge Derek Gilliland. Dkt. 59. The report was filed on January 29, 2026. The report recommends that the defendant's term of supervised release be continued with all of the original conditions and the following special conditions:

1. The defendant shall participate in the Location Monitoring program with Radio Frequency Monitoring for a period of 120 days. The defendant shall abide by the rules and regulations of the Participant Agreement Form. The defendant shall maintain a telephone at the place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as instructed by the probation officer. At the direction of the Probation Officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the Probation Officer. The defendant shall pay for costs of the program if financially able.

2. The defendant shall abide by a curfew, as directed by the probation officer, during the term of supervised release.

3. The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervised release.

4. The defendant shall not possess any alcohol and shall not have any alcohol at his place of residence during the term of supervision.

5. The defendant shall not permit the consumption of alcohol at his residence during the term of supervised release. Additionally, he will not permit any individual under the influence of alcohol and/or any other intoxicant to visit him at home during the term of supervised release.

6. The defendant shall not frequent places where illegal activity and excessive alcohol use are prevalent, including bars, clubs, strip clubs, and smoke shops.

7. The defendant shall not be permitted to cohabitate with anyone, other than an approved family member or in an approved sober-living environment, during the term of supervised release.

8. The defendant shall not spend the night at any location, other than his approved residence, without the permission of the probation officer. *Id.* at 4-5.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). On January 29, 2026, both parties waived their right to object to the report and recommendation. Dkt. 58.

When no objections are filed, a district court reviews the magistrate judge's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court has reviewed the report and recommendation and finds no clear error.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of United States Magistrate Judge Gilliland (Dkt. 59) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's term of supervised release is hereby **CONTINUED**.

**IT IS FURTHER ORDERED** that all of the original conditions remain in place, and the aforementioned additional special conditions are hereby imposed.

**SIGNED** this 30th day of January, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE